CRANFORD *v.* MARYLAND CASUALTY CO.*

(Division B.    Feb. 20, 1928.)

[115 So. 586.    No. 26730.]

TRIAL.  *All instructions given must be read together, and if, when so read, they embody applicable principles of law, neither party can complain.*

All instructions given in a case must be read together as one instruction, and, when that is done, if they are found to embody applicable principles of law and are complete, neither party has ground of complaint, even though, taken separately, instructions may be incomplete.

*Corpus Juris-Cyc References:  Trial, 38 Cyc, p. 1779, n. 75.

APPEAL from circuit court of Jones county, Second district.

HON. R. S. HALL, Judge.

Action between R. H. Cranford and the Maryland Casualty Company. From the judgment, the former appeals. Affirmed.

Statement of facts by reporter.

Dr. Cranford sued appellee for medical and hospital bills incurred by the Livingston family who were injured by a collision with an automobile of one Charley Miller who was insured by appellee. The case was one of fact

for the jury, the real controversy arising over the alleged agreement of the appellee to pay the bill.

*Welch & Cooper,* for appellant.

Appellee endeavored to drive a nail on which to hang the contract in question and have it declared void as violative of the Statute of Frauds in that appellee would be standing for the debt of another, the contract resting entirely in parol. Appellee received the following instruction: "The court instructs the jury for the defendant that if you believe from the testimony when Tom Livingston and family were carried to Dr. Cranford's hospital, the said Livingston employed Dr. Cranford to render service and medical attention to himself and his family, then it is your duty to find for defendant." This ignores what occurred later on, or what is alleged to have occurred later on, to-wit: appellee's undertaking to pay the medical and hospital bills. The fact that Livingston and family were carried to the hospital and that no representative of appellee was there until the next day or several days thereafter in no way affects the agreement of appellee thereafter to pay for the services. This has been expressly held by this court in *Biglane* v. *Hicks,* 33 So. 413. See, also, *Vicksburg Inf.* v. *Hines,* 98 So. 530. We submit that the giving of this instruction was error.

The court gave appellee the following instruction: "The court further instructs the jury for the defendant that even if you believe from a preponderance of the testimony that Mr. Thomas made a contract with Dr. Cranford and agreed to pay him for services and medical attention rendered to Tom Livingston and family, yet you must further believe that the said Thomas had authority to bind the Maryland Casualty Company in making said contract, and unless you so believe, then it is your sworn duty to find for defendant." This instruction is objectionable, because, first, appellant did not alone rely upon the undertaking of Thomas, the claim agent. The un-

dertaking of Schauber was also involved. Yet the instruction tells the jury to find for appellee if they find that Thomas had no authority. It disregards entirely the testimony as to Mr. Schauber. Appellant says that Schauber agreed to pay for the services. Second, the instruction places the burden on appellant to prove that Thomas had authority. The true test is not actual, but apparent authority. 21 R. C. L. 854.

The court granted appellee this instruction: "The court further instructs the jury for defendant that in order to bind defendant, the plaintiff must prove from a preponderance of the testimony that Thomas or Schauber had authority from the Maryland Casualty Company to employ Dr. Cranford to render service and medical attention to Tom Livingston and family, and unless the jury so believe they must find for defendant." This instruction is erroneous for the reason that it requires proof of actual authority and does not make apparent authority the test.

*Shannon & Schauber,* for appellee.

It appears that this suit is "bottomed" on the alleged agreement that Mr. A. B. Schauber, attorney, made with Dr. Cranford, by which he attempted to bind appellee for the payment of surgeon and hospital fees, in a matter that had not been referred to him as an attorney. One of the clearest and most concise statements of the authority of an attorney at law to bind his client is in *Stone* v. *Bank of Commerce,* 43 L. Ed. 1031. There is no contention that suit had been brought at the time of the alleged contract. If Mr. Schauber assumed to act for the Maryland Casualty Company his actual authority must appear in the record. We call the court's attention to the fact that Dr. Cranford relies wholly on his agreement with Mr. Schauber, and not Mr. Thomas, the adjuster, who was investigating the accident at that time. As to the authority of Mr. Thomas to make such a contract there

is nothing whatever shown by the record, as Dr. Cranford does not contend that he even knew Mr. Thomas. Conceding that both Schauber and Thomas had authority to make such an agreement, yet they both deny that such an agreement was made, and this conflict in the testimony was submitted to the jury, who, by their verdict, said there was no such agreement. In *Biglane* v. *Hicks,* 33 So. 413, the court points out that there was no evidence upon which it could be said that the debt sued for was charged originally to Nannie Biglane. The other case relied upon by appellant is *Vicksburg Inf.* v. *Hines,* 98 So. 530. Dr. Martin testified that: ''This claim agent looks after the sick and injured for the railroad company; that formerly, the Vicksburg Infirmary had been the railroad hospital; and that the claim agent was the one who usually had the railroad patients brought there.'' There is no such testimony in the case now before the court. We do not think it can be seriously contended by counsel for appellant that either Mr. Schauber or Mr. Thomas are, or were, general agents of the Maryland Casualty Company. A general agent is an agent who has unlimited power in the discharge of all kinds of business. *Wilcox* v. *Routh,* 9 S. & M. 476. A special agent is one who is appointed for a particular purpose, and under a limited authority. *Bank* v. *Cameron,* 3 S. & M. 609; *Malone* v. *Robertson,* 12 So. 709.

This court has repeatedly held that ''all instructions in a case are to be considered together as one, and interpreted as a whole, and if, when so viewed, they embody the applicable law, there is no error, though one taken alone is incomplete.'' *Haynes Lbr. Co.* v. *Hankins,* 141 Miss. 55, 105 So. 858; *Lamar Hardwood Co.* v. *Case,* 143 Miss. 277, 107 So. 868; *A. & V. R. R. Co.* v. *Fountain,* 145 Miss. 515, 111 So. 153.

ANDERSON, J., delivered the opinion of the court.

All the instructions given in the case must be read together as one instruction. When that is done, if they

are found to embody the applicable principles of law, neither party has any ground of complaint. The fact that the instructions, taken separately, may be incomplete, is harmless to either party, provided, as a whole, they are complete.

Two questions were submitted to the jury in this case: First, whether appellee, through its agent, Thomas, or its attorney, Schauber, agreed to pay appellant the hospital bill of the Livingstons; and, second, whether, if either of them agreed to pay the bill, he was acting within his express or apparent authority in so doing. By the instructions, considered as a whole, those two questions were fairly submitted to the jury. The result was a verdict in favor of appellee.

*Affirmed.*